IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PAMELA C. TODD,                      :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :
                                     :     CIVIL ACTION 13-0411-M
CAROLYN W. COLVIN,                   :
Social Security Commissioner,        :
                                     :
    Defendant.                       :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument was waived in this action (Doc. 21).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-six years old, had completed a college education (Tr. 38-39), and had previous work experience as a nutritionist and general office clerk (Tr. 49-50). In claiming benefits, Plaintiff alleges disability due to osteoarthritis, mitral valve prolapse, fibromyalgia, hypothyroidism, cystitis, and early lupus (Doc. 14 fact Sheet).

The Plaintiff filed applications for disability insurance and SSI on June 28, 2010 (*see* Tr. 12). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, there were specific light work jobs that Todd could perform (Tr. 12-27). Plaintiff requested review of the hearing decision (Tr. 6-7) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Todd alleges that: (1) There is no evidence to support the ALJ's finding of her residual functional capacity (hereinafter *RFC*); (2) the ALJ failed to develop the record; and (3) the ALJ acted as judge and doctor in evaluating the evidence (Doc. 14). Defendant has responded to—and denies—these claims (Doc. 15). The relevant evidence of record follows.

On March 3, 2009, Dr. Seydi V. Aksut, an Intervention Cardiologist, examined Todd for complaints of chest pain, tiredness, and anxiety (Tr. 208-12). His initial diagnosis was Mitral Valve Prolapse and Palpitations. A treadmill exercise test a week later was negative; nuclear images demonstrated no ischemia, normal wall motion, and normal ejection fraction. A transthoracic echocardiogram showed normal left ventricular systolic function, mild tricuspid regurgitation, and mild pulmonic valvular regurgitation; the mitral valve leaflets appeared thickened, but were open with mild mitral regurgitation.

On January 28, 2010, Dr. Sohrab Fallahi, with Montgomery Rheumatology Associates, noted "perfect range of motion of every small, medium, and large sized joint of the upper and lower extremities on both sides of the body" though she did have multiple areas of soft tissue tenderness (Tr. 214; *see generally*

3

Tr. 213-24). His assessment was fibromyalgia, ANA positivity, and myalgia and arthralgia without inflammatory components; nevertheless, Fallahi found no "convincing evidence of ANA-related disease in general, lupus in particular" (Tr. 215). A month later, the doctor encouraged Todd to exercise (Tr. 216).

On February 11, 2010, Todd went to Selma Doctors Clinic for right ear pain (Tr. 309-10). On examination, a questionable click in the heart was noted; Plaintiff had full range of motion (hereinafter *ROM*) in the major joints: knees, ankles, elbows, wrists, and hands. There was no tenderness in the spine or any paravertebral muscle spasm. There was no decreased ROM in any of the extremities. Three visits over the next three months concerned further problems with her ear, bronchitis, and a pimple (Tr. 305-08).

On April 1, 2010, Plaintiff underwent a cystoscopy with hydrodistention of the bladder after complaints of frequent urination (Tr. 226-28; *see also* Tr. 230-43, 245-59, 262-65, 267-73). Dr. Timothy Morrow diagnosed her to have interstitial cystitis and endometriosis.

On May 26, 2010, Dr. Randall D. Ayers examined Todd for complaints of swelling in her ankles and hands and tenderness in her right shoulder (Tr. 276-78, 291-93, 325-27). The doctor noted no joint or bony abnormalities though there was muscle tenderness in the right shoulder. On June 28, Ayers found no

4

clubbing, cyanosis, or edema in the lower extremities; the right shoulder was restricted on active motion and showed tenderness subacromially (Tr. 279-80, 294-95, 328-29). Ayers diagnosed proteinuria.

On July 8, 2010, Todd was seen at the Selma Doctors Clinic for right shoulder pain (Tr. 356). It was noted that muscle strength was symmetrical bilaterally; gait was normal. The doctor noted limited motion of the right shoulder, attributing it to Lupus. On August 6, Ativan[1] was prescribed (Tr. 355).

On October 15, 2010, Todd was examined at the UAB Selma Family Medicine Center for complaints of chronic pain; she indicated, however, that her pain was "well controlled on her pain regimen" (Tr. 348; *see generally* Tr. 348-53). Plaintiff stated that she was exercising regularly. The doctor noted that her muscle tone and strength was normal for her age, without atrophy or abnormal movement; motor strength was symmetrical with no obvious weaknesses. A motor exam demonstrated no dysfunction. The doctor noted that there was no instability or weakness in the cervical or dorsolumbar spine; ROM measurements were given for all joints. The assessment was systemic lupus erythematous.

---

[1] **Error! Main Document Only.** "*Ativan* (lorazepam) is indicated for the management of anxiety disorders or for the short-term relief of the symptoms of anxiety or anxiety associated with depressive symptoms." Its use is not recommended "in patients with a primary depressive disorder or psychosis." *Physician's Desk Reference* 2516-17 (48th ed. 1994).

5

On February 8, 2011, Dr. Aksut examined Todd for sharp chest pains and tiredness (Tr. 358-62). A complete two-dimensional transthoracic echocardiogram was performed with the following results: normal left ventricular systolic function; mild tricuspid and pulmonic valvular regurgitation; and mild mitral regurgitation with the mitral valve leaflets appearing slightly thickened (Tr. 360). A treadmill exercise report was negative with no angina or arrhythmias noted. Nuclear images revealed no signs of ischemia, normal wall motion, and a normal ejection fraction.

On February 23, Selma Doctors Clinic treatment notes indicated signs of arthritis; Plaintiff was experiencing no chest pain (Tr. 366). Her left shoulder was quiet. On March 16, Todd said that arthritis was still bothering her and that she had had some palpitations; the doctor noted that extremities were normal (Tr. 364). On October 28, the doctor noted that Plaintiff had apparently recovered from a recent bout of strep throat; extremities were normal (Tr. 376).

On December 2, 2011, Psychologist Kale Edney Kirkland performed an examination in which no diagnosis was made as Todd was "not currently in need of mental health treatment and [was] psychologically stable" (Tr. 385; *see generally* Tr. 380-85). Kirkland also completed a mental medical source statement in which no limitations were found (Tr. 380-81). This concludes

the relevant medical evidence.

In bringing this action, Todd first claims that there is no evidence to support the ALJ's finding of her RFC (Doc. 14, pp. 3-10). The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546 (2013). That decision can not be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, the Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 404.1545(a)(3).

In his decision, the ALJ determined that Todd had the RFC

> to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b)[2] and 416.967(b). She can perform unskilled work with no climbing of ropes, ladders, or scaffolds; no more than occasional bending, stooping, crouching, crawling, or kneeling; no work at unprotected heights; no work with hazardous machinery; no more than frequent

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

7

>     interaction with co-workers and supervisors;
>     and no more than occasional contact with the
>     general public.

(Tr. 15).  In reaching this determination, the ALJ noted Todd's self-reported daily activities and her range of activities outside of the house (Tr. 17).  The ALJ went on to find that Plaintiff's claims of pain and limitation were not credible to the extent alleged (Tr. 21-22, 25), a finding not challenged in this action.  The ALJ faithfully summarized the record evidence, specifically noting a report by Dr. Fallahi that found no "convincing evidence of ANA-related disease in general, lupus in particular" (Tr. 18; *see generally* Tr. 17-20); he also noted Psychologist Kirkland's finding that Todd did not "seem to have any mental or intellectual impairment" (Tr. 21).  The ALJ's decision that Plaintiff could perform specific jobs was based on questions posed to a Vocational Expert (hereinafter *VE*) (Tr. 25-26); Todd has not challenged the questions posed to the VE in this action.

Plaintiff has questioned the ALJ's RFC in arguing that "the evidentiary record is completely devoid of any medical opinions of record in [sic] which supports his RFC" (Doc 14, p. 3).  Todd references the "*six* distinct medically severe impairments" with which she had been diagnosed (*id.*).  The Court notes, however, that the ALJ showed that the medical evidence did not confirm

all of those diagnoses and did not support Todd's claim that they were disabling. Furthermore, there is no treating physician of record that has limited Plaintiff's activities in any manner or even noted that she was limited from certain activities because of her impairments. Todd has failed to meet her burden of providing evidence that she is disabled. The Court finds substantial support for the ALJ's decision that Plaintiff has the RFC to perform a reduced range of light work.

Todd also claims that the ALJ failed to develop the record (Doc. 14, pp. 10-11). The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court notes that this record contains nearly two hundred pages—though some of it is, admittedly, repetitive—of medical evidence. Although the evidence did not provide support for Plaintiff's asserted disability, this failure does not equal a need for record development. The record did not need to be more fully developed as it provided substantial evidence of Todd's ability to work. Plaintiff's claim otherwise is without merit.

Todd's final claim is that the ALJ acted as Judge and doctor in evaluating the evidence (Doc. 13, pp. 11-12). While

9

Todd is correct in asserting that an ALJ cannot substitute his opinion for that of a physician, she has failed to provide any evidence that the ALJ in this action has done so. This claim lacks merit.

Todd has raised three different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 24th day of March, 2014.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE